501 So.2d 609 (1986)
Gary Lee SNIDER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1309.
District Court of Appeal of Florida, Fourth District.
April 23, 1986.
Rehearing and Rehearing Denied June 6, 1986.
Ray Sandstrom of Sandstrom & Haddad, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Noel A. Pelella, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied June 6, 1986.
PER CURIAM.
AFFIRMED.
DELL, J., concurs.
LETTS, J., concurs specially with opinion.
GLICKSTEIN, J., dissents with opinion.
LETTS, Judge, concurring specially.
It is my view that whether the defendant consented to the search is a question of fact for the trial judge. The statement by Judge Glickstein in his dissent as to how he would have ruled is not, and should not be, controlling.
GLICKSTEIN, Judge, dissenting.
The effect of the decision in this case, insofar as the particular defendant is concerned, is to hold, albeit by PCA, that a passenger on a bus which is about to depart from the station can be approached by law enforcement officers with the request that he consent to a search of whatever baggage he may have, notwithstanding the complete and total lack of anything whatsoever to create any suspicion on the part of the law enforcement officers that the passenger was violating any narcotics or other penal law.
Appellant contends that, the way the two police officers were situated in the aisle of the bus, he believed he could not have simply got up and left. The sole witness for the state, one of the two police officers, assured the trial court appellant was free to leave.
Appellant maintains he refused the police permission to search his bag, which he had placed on the seat next to him. The sole witness for the state is just as insistent the search was consensual.
I would have ruled the state failed to carry its burden to prove by clear and convincing evidence that defendant freely *610 and voluntarily consented to the search. See, e.g., State v. Santamaria, 464 So.2d 197, 200 n. 1 (Fla. 3d DCA 1985). I perceive a great distinction between a police-citizen encounter on a public street or in the waiting room of a transportation terminal, and its counterpart in a bus, train or airplane after the citizen has boarded it. Judge Letts is, of course, correct in his concurrence that the issue is a question of fact for the trial judge. Nevertheless, the state's evidence, while arguably sufficient to meet a preponderance standard, is not sufficient, in my view, to meet a clear and convincing standard. The latter is the applicable standard here.
Occasionally the price we must pay to make innocent persons secure from unreasonable search and seizure of their persons or property is to let an offender go. Those who suffered harassment from King George III's forces would say that is not a great price to pay. So would residents of the numerous totalitarian and authoritarian states of our day.